IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARSHA CHANEY, #201607, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 3:09-CV-414-TMH |
| ) | |
| CYNTHIA WHEELER-WHITE, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Marsha Chaney ["Chaney"], a state inmate, on May 6, 2009. In this petition, Chaney seeks reconsideration of the sentence imposed upon her in 1998 by the Circuit Court of Russell County, Alabama and a recommendation from the trial court for admission to a rehabilitative program. In addition, Chaney asserts she is entitled to additional credit on the 1998 sentence for time served on parole and also petitions for placement in a community corrections program. Finally, Chaney complains no valid basis existed for the most recent revocation of her parole.

In their answer filed on May 29, 2009, the respondents assert that Chaney has failed to exhaust available state remedies with respect to each of the claims now pending before this court. Specifically, the respondents maintain that Chaney may file a motion for

reconsideration of sentence with the trial court seeking reconsideration of the terms of her sentence. With respect to Chaney's claim requesting additional time-served credit for time on parole, the respondents maintain this claim has not yet been properly raised in the state courts in a general state petition for habeas corpus relief or other appropriate motion. As for the claim challenging the revocation of parole, the respondents assert Chaney has failed to present this claim in a state petition for writ of certiorari. The respondents also argue the petitioner's claims alleging a right to reconsideration of her sentence and placement in a community corrections program/halfway house provide no basis for federal habeas relief as there is no constitutional right to such actions.

Upon review of the respondents' answer, the court entered an order affording Chaney an opportunity to demonstrate why her petition should not be dismissed for failure to exhaust state remedies. *Order of June 1, 2009 - Court Doc. No. 9*. Chaney has filed nothing in response to this order.

## II. DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(1)(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). It is

undisputed that Chaney has not yet exhausted her available state court remedies with respect to the claims presented in the instant petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of the petitioner's claims without first requiring that the petitioner exhaust available state remedies. 28 U.S.C. § 2254(1)(b)(2). Moreover, it does not appear that a stay of this case is warranted pending the outcome of the state court collateral proceedings as there is nothing before this court which indicates the requisite "good cause for the petitioner's failure to exhaust [her] claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535 (2005).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Chaney can pursue those state court remedies available to her.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that the petition be dismissed without prejudice to afford the petitioner an opportunity to exhaust all available state court remedies. It is further

ORDERED that on or before July 15, 2009 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements contained in the Recommendation of the Magistrate Judge shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 2nd day of July, 2009.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE